IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAP-R-PRODUCTS COMPANY, et al, )
           Plaintiffs, )
           v. )    Case No. 19-77-SMY-RJD
STUDIO503, LLC, et al, )
           Defendants. )

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Joint Motion to Quash Subpoena Duces Tecum issued by Plaintiff to Payload Group filed by Defendants and Payload Group, LLC (Doc. 42) and the Motion to Compel filed by Plaintiffs (Doc. 52). Plaintiff filed a Response to the Joint Motion to Quash (Doc. 48). Defendants filed a Response to the Motion to Compel (Doc. 61). On January 7, 2020, the Court heard oral argument regarding the motions.

### Background

Plaintiffs Pap-R-Products Company ("PRP") and Pap-R-Trainer, LLC ("PRT") manufacture coin rolls and wrappers, currency bands, and other paper products. Coin-Tainer, LLC ("CT"), which is not a party to this suit, was in the same business. CT was owned by David Walters (Defendant Michael Walters' father). CT and PRP each owned 50 percent of PRT between February 23, 2015 and October 29, 2018. For a number of years, until February 2018, studio503, LLC ("s503") acted as a sales representative for CT and PRT. Michael Walters is sole owner of s503. On March 31, 2017, PRP initiated a lawsuit against CT, PRT, and a lender, alleging CT and its owner, David Walters, engaged in a scheme to defraud PRT and embezzle

money from it. PRP sought recovery against CT under theories of breach of contract, fraud, and breach of fiduciary duty. On January 24, 2019, PRP and PRT filed this suit against Defendants studio503, LLC and Michael Walters alleging breach of fiduciary duty, breach of loyalty, tortious interference with contract, tortious interference with prospective economic advantage, and conversion. s503 filed a counterclaim under Minnesota state law for wrongful termination and seeks compensatory and consequential damages from PRT and PRP for lost commissions from the date of termination of its independent sales representative agreement, as well as future commissions s503 will lose as the result of the termination (Doc. 112). s503 seeks compensatory damages of $28,905 per month from January 2018 through present, totaling $631,968.00 "and accruing" (Doc. 50, Mark Carpenter Declaration). The damage claim is on a gross revenue basis and does not include a credit or reduction for any costs that would have been necessary to generate those commission (Id.).

On November 18, 2019, Plaintiffs served a subpoena duces tecum on Payload Group, LLC. Payload is a non-party to this suit. Payload is owned, in part, by Defendant Michael Walters. The subpoena seeks the following documents:

1. All payments made at any time by Payload Group to Michael Walters, whether designated salary, draw, equity, or otherwise.

2. All payments made at any time by Payload Group to studio503 LLC, whether designated salary, draw, equity, or otherwise.

3. All payments made at any time by Payload Group to any entity owned in whole or in part by Michael Walters and/or studio503, whether designated salary, draw, equity, or otherwise.

4. All financial statements for Payload Group.

5. All tax returns filed by Payload Group.

6. All contracts or agreements existing between Payload Group on the one hand and Michael Walters, any entity owned in whole or in part by Michael Walters (including but not limited to studio503), or The Coin-Tainer Company on the other hand.

7. All documents sufficient to show all owners of Payload Group and the percentage ownership of each.

8. All documents sufficient to show the officers and directors of Payload Group.

9. All documents evidencing any relationship (corporate, employment, business, or otherwise) between Payload Group and The Coin-Tainer Company.

10. All documents evidencing any relationship (corporate, employment, business, or otherwise) between Payload Group and any of the following potential witnesses: David Walters, Jennifer Ringham, Lindsay Fulton, Amanda Valiquette, Jennifer Doffing, Ronnie Strang, Rick Mains, Jami Kelseim Foley, Bryan Battina, Joyce Walstrom, and Michelle Olson.

*Motion to Quash*

Defendants and Payload Group assert the subpoena should be quashed because it requires the production of highly confidential, competitive information of no relevance to the parties' claims or damages. Payload also argues it imposes an undue burden and is unfair to Payload's investors, members, and employees who never had any connection with s503, CT, PRP, or PRT. Plaintiffs argue Payload Group is a new business venture of Michael Walters and its business is relevant to the question of whether s503 has taken all reasonable steps to mitigate damages it seeks to recover on its counterclaim. Plaintiffs contend any concerns about confidential information being released to a competitor can be handled through the existing Protective Order, which includes an Attorney's Eyes-Only provision.

The Court finds Plaintiffs' subpoena to Payload is overly broad, not directly related to the claims or counterclaim in this suit, and not proportional to the needs of the case. Plaintiff's request for the financial information of Payload, a corporation formed after the events giving rise

to this Complaint, is not limited to the issues of this case and places an undue burden on Payload, a non-party. The motion to quash is **GRANTED**.

*Motion to Compel*

Plaintiffs have served on Defendants Michael Walters and studio503 interrogatories and requests for production regarding Defendants' financial information. Plaintiffs argue the financial information of s503 is directly relevant to the damages, if any, that may be awarded on its counterclaim. Plaintiffs further argue the financial information from Walters is potentially relevant, as Plaintiffs believe that s503 has not exercised "reasonable diligence" to mitigate its damages because Walters is now CEO of a competing company in the same industry.

Defendants argue s503 has been a multi-line, independent sales representative, with the unfettered right to represent any vendor it chooses and at no time has it had a non-compete, non-solicitation, or non-disclosure contract with Plaintiffs. Consequently, the business relationships entered into by s503 have no relationship to any of Plaintiff's claims or to s503's counterclaims for on-going lost commission revenue from the termination of its sales representative agreement. Defendants cite a Minnesota case, *Wingert & Assocs., Inc. v. Paramount Apparel Int'l, Inc.*, 458 F.3d 740, 744 (8th Cir. 2006), arguing the statutory damages in the counterclaim are not limited to net commissions.

Defendant Walters further argues he has not asserted any counterclaims in this action and what monies he was personally paid has zero bearing on this case. Finally, Defendants contend Plaintiff's demand for disclosure of bank accounts, tax returns, and financial statements or business partners is designed to intimidate third parties who do business with s503 and/or Walters.

The Federal Rules of Civil Procedure provide "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court reviews the specific interrogatories and requests for production sent to s503 as set forth below:

> REQUEST NO. 5. All of your federal and state tax returns, including all forms, schedules, and worksheets for tax years 2015 through the present.
>
> RESPONSE: Studio503 objects to producing tax returns arguing the information is not relevant, the information in the returns is highly personal and confidential, and there is no compelling need to justify the burdens and invasion of privacy.
>
> **RULING:** Studio503 is **ORDERED** to supplement the response and produce the requested documents subject to the Protective Order within 21 days.
>
> REQUEST NO. 16. All financial statements and/or profit and loss statements of Studio503, including both audited and unaudited statements, at any time between January 1, 2015 and the present.
>
> RESPONSE: Studio503 objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is highly confidential and proprietary, that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and on the additional ground that it violates the rule of proportionality set forth in Fed.R.Civ.P. 26(b)(1). Documents are being withheld based on these objections.
>
> **RULING**: Studio503 is **ORDERED** to supplement the response and produce the requested documents subject to the Protective Order within 21 days.
>
> REQUEST NO. 17. All Documents reflecting payments made by You to Michael Walters (as owner and/or employee), including but not limited to W-2s, at any time between January 1, 2015 and the present.
>
> RESPONSE: Studio503 objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is highly confidential and proprietary, that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and on the additional ground that it violates the rule of proportionality set forth in Fed.R.Civ.P. 26(b)(1). Documents are being withheld based on these objections.

**RULING**: The Court finds this request is overly broad and not proportional to the needs of the case. Plaintiff's request to compel any further response to this request is **DENIED**.

REQUEST NO. 18. Studio503's General Ledger for all times between January 1, 2015 and the present.

RESPONSE: Studio503 objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information that is highly confidential and proprietary, that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, and on the additional ground that it violates the rule of proportionality set forth in Fed.R.Civ.P. 26(b)(1). Documents are being withheld based on these objections.

**RULING:** Studio503 is **ORDERED** to supplement the response and produce the requested documents subject to the Protective Order within 21 days.

Additionally, the Court reviewed the interrogatories and requests for production sent to Defendant Michael Walters and finds that the requests are overly broad, not directly related to any claim or counterclaim, and not proportional to the needs of the case. Defendant Walters does not have a counterclaim against Plaintiffs and the financial records of business entities with which he was affiliated after the events giving rise to this case are not relevant. Plaintiff's motion to compel answers to interrogatories and requests for production from Michael Walters is **DENIED**.

## Conclusion

For the reasons set forth above, the Motion to Quash (Doc. 42) is **GRANTED**. The Motion to Compel (Doc. 52) is **GRANTED IN PART AND DENIED IN PART**. Defendant studio503 is **ORDERED** to supplement the responses to Request for Production No. 5, 16, and 18 within 21 days.

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**